ALPERT v. PLOTKIN.

EVIDENCE—BILLS AND NOTES—ACCOMMODATION.

Where plaintiff brought suit on a promissory note that defendant charged had been executed for the accommodation of the plaintiff, who, on his part, claimed that the note was given him for professional services as an attorney, the question at issue was one of fact, upon irreconcilable testimony; the trial court erred in directing a verdict for plaintiff.

Error to Wayne; Collingwood, J., presiding. Submitted October 14, 1915. (Docket No. 100.) Decided December 21, 1915.

Assumpsit by Daniel J. Alpert against Samuel Plotkin on a note. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*Beckenstein & Wienner,* for appellant.

*Alpert & Alpert,* for appellee.

MOORE, J. Plaintiff is an attorney. This action is based on a promissory note dated March 4, 1914, for $250. Plaintiff claimed and gave testimony to the effect that the note sued was one of two notes the defendant executed, and that the consideration of the two notes was professional services. Plaintiff gave further testimony to the effect that defendant executed another note to contractors, which note he purchased. Defendant claimed that he executed two notes for services, and also another note some time in March, 1914, for plaintiff's accommodation, to enable plaintiff to discount it at a bank, the plaintiff promising to meet payment of the note when it became due. Defendant further testified the note involved in the present suit was the accommodation note, as the other two promissory notes were involved in the two suits before the justices of the peace, and judgments rendered thereon. The record discloses the following:

"*Q.* These notes you never paid any one, did you?
"*A.* I gave you two notes—
"*Q.* Did you pay anybody this note?
"*A.* This note of March 4th?
"*Q.* This note given for my services. I rendered services for you, didn't I, for which you gave me this note?
"*A.* I gave you two notes for services.
"*Q.* These are the two notes you gave me for services?
"*A.* Yes.
"*Q.* You did not pay either one of them yet?
"*A.* No. (Defendant rests.)

"*Mr. Alpert:*  We now ask you honor to direct a verdict in favor of the plaintiff against the defendant because he admits that the note on which we are suing has not been paid, and he admits that neither one of these notes have been paid, and both notes given on March 4th were given for services.

"*Mr. Beckenstein:*  He testified that two notes were signed for personal services and one note for an accommodation, and the one you were suing on is for accommodation, and the question for the jury is whether this would be the accommodation note.

"*The Court:*  His last testimony was that he gave two notes on March 4th for services, and one has been paid by judgment, and this note remains and nothing has been paid on it. I will direct a judgment for the plaintiff."

A verdict and judgment was rendered for $253.87. The case is brought here by writ of error.

Previous to his cross-examination defendant testified that the note sued upon was an accommodation note which plaintiff was to pay when it matured. He also testified that the two notes given for professional services were sued and put in judgment. We quote:

"*Q.* Did he say when the money became due he would take care of it?

"*A.* He would pay it.

"*Q.* And the only notes that you signed for which you owe money were the two notes?

"*A.* The two notes.

"*Q.* You were beaten on the other two notes?

"*A.* On these notes.

"*Q.* Did you sign a bond to stay execution on those notes?

"*A.* Yes.

"*Q.* When the time is up will you pay?

"*A.* Yes, I would pay them right away, but it made me mad, you know, and that's why.

"*Q.* And the note which is in this suit was signed for the purpose of enabling him to get the money out of the bank?

"*A.* Yes, for his own use.

"*Q.* You received no cent of it.
"*A.* No."

The record also shows a judgment before Justice Richter on a note for personal services in the sum of $251.96 and costs, and a judgment before Justice Degaw on a promissory note for services for $253.96 and costs. We think it clear this testimony raised a question of fact for the jury.

Judgment is reversed, and a new trial ordered.

BROOKE, C. J., and PERSON, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.